# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| NICHOLAS MADDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | Civil Action No. 3:16-cv-200-TCB |
| CITY OF CARROLLTON, GEORGIA, ) | |
| ) | |
| ) | |
| Defendants. ) | Jury Trial Demand |
| ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Nicholas Madden (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant City of Carrollton, Georgia (hereinafter "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938; pursuant to the Family Medical Leave Act (FMLA), 29 USC §2601 et seq.; and upon amendment to this complaint upon receipt of the Notice to Sue from the EEOC, pursuant to the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff of his lawful overtime wages.

2. This is an action which also arises under the Family Medical Leave Act (FMLA), 29 USC §2601 et seq.

3. And this is an action which arises pursuant to the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 *et seq.* ("ADAAA"). This action will be amended upon receipt from the EEOC of a requested notice to sue.

4. Defendant employed Plaintiff as an Equipment Operator.

5. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

6. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

7. During the employment of Plaintiff, Defendant committed violations of the FMLA by amongst other things illegally requiring Plaintiff to unnecessarily use up FMLA benefit days when it illegally violated the ADA by illegally terminating

Plaintiff's prior approved "light duty" and then illegally terminating Plaintiff's employment when Plaintiff's FMLA benefit days were prematurely exhausted.

8. As a result of Defendant's failure to act with good faith in its actions resulting in its illegal termination of Plaintiff's employment, Plaintiff is entitled pursuant to 29 U.S.C. § 2617 to be reinstated; to back wages and benefits; Possible front pay and benefits; liquidated damages; interest payments; attorney fees and costs.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA); under the Family Medical Leave Act (FMLA), 29 USC §2601 et seq.; and the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 *et seq.* ("ADAAA").

10. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

11. Plaintiff resides in Bowdon, Carroll County, Georgia (within this District).

12. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.

13. Plaintiff was employed by Defendant from on or about October 2013, thru on or about November 23, 2016 when he was illegally terminated by Defendant in violation of the FMLA and the ADA.

14. Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which he was employed by Defendant.

15. Defendant Carrollton is a city within this State and District.

16. Defendant Carrollton is subject to personal jurisdiction in the state of Georgia for purposes of this lawsuit and can be served through its City Manager, at 315 Bradley Street, Carrolton, GEORGIA  30117.

17. Defendant is located within this District at 315 Bradley Street, Carrolton, GEORGIA  30117.

18. Defendant maintained either actual or constructive control, oversight and direction of Defendant's business, including the employment and pay and other practices of those operations of Defendant.

19. At all times material to this action, Defendant was a political subdivision of a state as defined by § 203 of the FLSA and 29 CFR 825.108.

20. Upon information and belief, Plaintiff asserts that the Defendant employed at least 50 employees within 75 miles of the worksite at which Plaintiff was employed.

21. At all times material to this action, Defendant was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

22. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

## OVERTIME ALLEGATIONS

23. Defendant city is a political subdivision which provides services to its citizens including sanitation services.

24. Defendant employed Plaintiff as an equipment operator in its Sanitation Department.

25. Plaintiff was required to clock-in and out.

26. Defendants compensated Plaintiff on an hourly basis.

27. Defendants required Plaintiff to regularly work in excess of forty hours per week.

28. At times, Defendant clocked Plaintiff out before the actual end of his shift that day without Plaintiff's permission.

29. Upon information and belief, Defendant routinely deducted time from Plaintiff's work days, without his permission, for meal breaks that were not in fact taken.

30. At all times relevant to this action, Defendant did not compensate Plaintiff for hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which she was employed.

31. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

32. Defendant failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed, at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

33. Plaintiff is entitled to compensation for any and all time worked at the rate of at least one and one-half times his rate at which he was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

34. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. As a result of Defendant's failure to act with good faith in compensating Plaintiff, he is entitled to liquidated damages.

36. As a result of Defendant's willful and or reckless violations of the FLSA, Plaintiff is entitled to seek damages for a period going back three years from the time of the filing of this complaint.

37. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

38. Plaintiff demands a jury trial.

## FAMILY MEDICAL LEAVE ACT ("FMLA") VIOLATION ALLEGATIONS

39. Plaintiff is asserting both an FLMA interference/denial of rights claim (also known as an "entitlement" claim), and an FMLA discrimination or retaliation claim.

40. On or about April 23, 2016, Plaintiff was involved in an off-duty motorcycle accident which left him actually disabled and also considered to be disabled by Defendant.

41. Said motorcycle accident resulted in Plaintiff having a "serious health condition."

42. At all relevant times related to Plaintiff's FMLA and ADA complaints, Plaintiff was incapacitated as a result of the motorcycle accident.

43. At all relevant times related to Plaintiff's complaint, Plaintiff provided Defendant with the legally required notification notices.

44. At all relevant times related to Plaintiff's complaint, Plaintiff provided Defendant with the legally required FMLA forms.

45. At all relevant times related to Plaintiff's complaint, Plaintiff provided Defendant with the legally required medical certifications.

46. Plaintiff asserts that that the Defendant illegally discriminated and retaliated against him because he engaged in activity protected by the FMLA and the ADA.

47. Plaintiff was initially on authorized FMLA from 4/24/2016 thru 5/8/2016.

48. From 5/9/2016 thru 8/31/2016, Plaintiff worked "light-duty" subject to a series of light duty approvals issued by Defendant for the time period of 5/9/2016 thru and including 9/11/2016.

49. However, on 9/1/2016, Plaintiff's "light-duty" was, in violation of the ADA, suddenly and unexpectedly terminated when Assistant City Manager and Plaintiff's immediate supervisor Mike Green, personally told Plaintiff to go home (before his scheduled shift had ended) and that he could not come back to work until he was 100% fit for work.

50. Plaintiff underwent major surgery for his condition on September 20, 2016 and was subsequently advised he would be released to return to work without restrictions on December 1, 2016.

51. Plaintiff was again on Defendant approved FMLA beginning when he was sent home on September 1, 2016 until Defendant illegally terminated his employment on November 23, 2016, in violation of his FMLA rights, in a letter stating in part that he had exceeded his 12 weeks of FMLA in a rolling 12 month period.

52. The only reason that Plaintiff "exceeded his FMLA" was because Defendant illegally cancelled his prior approved "light duty" on September 1, requiring Plaintiff to use FMLA days that he would not have been required to other than because of the illegal act by Defendant.

53. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

54. As a result of Defendant's failure to act with good faith in its actions resulting in its illegal termination of Plaintiff's employment, Plaintiff is entitled pursuant to 29 U.S.C. § 2617 to be reinstated; to back wages and benefits; possible front pay and benefits; liquidated damages; interest payments; and, he is entitled to liquidated damages.

55. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 2617 Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

56. Plaintiff demands a jury trial.

## AMERICANS WITH DISABILITIES ACT ("ADA") VIOLATION ALLEGATIONS

57. On December 14, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging illegal discrimination on the basis of retaliation and disability discrimination.

58. On that same date, Plaintiff's herein named attorney requested that the EEOC immediately issue a notice of right to sue.

59. Immediately upon receipt of the notice of right to sue from the EEOC, Plaintiff intends to amend this complaint to include violations of the ADA.

## COUNT I
## FLSA

60. Plaintiff repeats and incorporates by reference Paragraphs 1- 59 herein.

61. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

62. Defendant have not made a good faith effort to comply with the FLSA with respect to overtime compensation of Plaintiff.

63. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

64. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT II
## FMLA INTERFERENCE/DENIAL OF RIGHTS CLAIM (ALSO KNOWN AS AN "ENTITLEMENT" CLAIM), AND AN FMLA DISCRIMINATION OR RETALIATION CLAIM

65. Plaintiff repeats and incorporates by reference Paragraphs 1- 64 herein

66. The FMLA provides employees with the right to be reinstated to the same or an equivalent position after taking protected leave.

67. By interfering with Plaintiff's rights under the ADA Defendant forced Plaintiff to unnecessarily exceed his FMLA benefits and subsequently Defendant illegally terminated Plaintiff's employment.

68. The Defendant violated the FMLA by refusing to reinstate Plaintiff to his prior position or to an equivalent position with substantially similar work and compensation upon Plaintiff's return to work, and terminating Plaintiff's employment.

69. Defendant interfered with, restrained, and/or denied Plaintiff's exercise of his rights under the FMLA by refusing his attempt to be reinstated to his full time position or a reasonably equivalent full time position.

## COUNT III
## ADA VIOLATIONS OF DISCRIMINATION AND RETALIATION

70. Plaintiff repeats and incorporates by reference Paragraphs 1- 69 herein.

71. Plaintiff will amend this complaint immediately upon receipt of the notice of right to sue from the EEOC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, 29 USC §2601 et seq., and 42 U.S.C. § 12101 et seq.  pray for the following relief:

A. Reinstatement;
B. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;
C. The amount of wages, salary, employment benefits, or other

compensation denied or lost to such employee by reason of the violation of his employment termination;

D. Any actual monetary losses sustained by the employee as a direct result of any violation,

E. Interest may also be awarded for the amounts determined as losses;

F. Compensatory damages;

G. Punitive damages;

H. Liquidated damages

I. Reasonable attorneys' fees;

J. Costs and expenses of this action; and

K. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 18th day of December, 2016.

MARTIN & MARTIN, LLP
By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP

Post Office Box 1070
Tucker, Georgia 30085
(770) 344-7267